**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE KLEIN, | Civil Action No.: 14-1055 |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| HANOVER INSURANCE COMPANY, | |
| Defendant. | |

**CECCHI, District Judge.**

Before the Court is Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5). The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78.[1] Plaintiff did not submit papers opposing the Motion. The Court's jurisdiction is based upon diversity. 28 U.S.C. § 1332(a)(1). For the reasons set forth below, the Court will grant Defendant's motion. Plaintiff shall be given thirty days to submit an amended complaint that cures, to the extent possible, the deficiencies addressed below.

Plaintiff alleges that Defendant has failed to meet its obligations under an insurance policy,

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

numbered HPY6207557, covering Plaintiff's property (the "Policy"). (Compl. ¶ 4). Plaintiff has alleged (1) breach of contract and (2) breach of the duty of good faith and fair dealing. (Compl. ¶¶ 9-15). Defendant, Hanover Insurance Company, argues that both claims should be dismissed because it is not a party to the Policy. (Def. Br.[2] 4). Defendant avers that the Policy was issued by Citizens Insurance Company. (Def. Br. 3). Both Hanover and Citizens are member companies of the Hanover Insurance Group, Inc., but each is a distinct legal entity. (Def. Br. 3). In support of its allegations Defendant provides the Declaration of its employee, James Boos, as well as the "Declarations" page of the Policy itself. ECF No. 5-2. Both state that Citizens, and not Hanover, issued the Policy. Id.

Normally, a "District Court must accept all of the complaint's well-pled facts as true" when determining whether a complaint states a cause of action. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). However, the Court may also consider documents "integral to or explicitly relied upon in the complaint" without converting the motion into one for summary judgment. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997).

Despite allegations that Defendant objectively insured her property pursuant to the Policy, the Policy documents themselves reveal that Defendant is, in fact, not the insurer. Accordingly, Plaintiff has not alleged a valid contract between Plaintiff and Defendant. This is fatal to Plaintiff's breach of contract claim. Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007) (breach of contract requires showing "that the parties entered into a valid contract") (citations omitted). Further, without an underlying contract between the parties, Plaintiff cannot state a claim for breach of the covenant of good faith and fair dealing. Wade v. Kessler Institute, 798 A.2d 1251, 1262 (N.J. 2002) (the breach of the covenant of good faith and fair dealing cannot be maintained "absent an express or implied contract"). Accordingly, both counts will be dismissed without prejudice.

---

[2] ECF No. 5-1.

For the reasons set forth above, IT IS on this 27th day of October, 2014:

ORDERED that Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5) is GRANTED; and it is further

ORDERED that Plaintiff's claims against Defendant are dismissed without prejudice; and it is further

ORDERED that Plaintiff shall have thirty (30) days to submit an amended complaint that cures, to the extent possible, the deficiencies addressed in this Opinion.

SO ORDERED.

_____
CLAIRE C. CECCHI, U.S.D.J.